## LA TOURETTE *v.* McMASTER, INSURANCE COMMISSIONER OF THE STATE OF SOUTH CAROLINA.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

No. 114. Submitted December 19, 1918.—Decided January 20, 1919.

The power of a State over the subject of insurance extends to the regulation of those who may carry on the business as brokers representing both insurer and insured. P. 467.

A law of South Carolina provides that only such persons shall be licensed to act as brokers to represent citizens for the placing of insurance with insurers in that State or elsewhere as are residents of the State and have been licensed insurance agents of the State for at least two years. Construed as requiring local residence, as distinguished from citizenship, *held*, within the police power; and that it does not deprive a citizen and resident of another State, desiring to act as such broker in South Carolina, of liberty or property, in violation of the Fourteenth Amendment, or discriminate against him, in violation of § 2 of Article IV of the Constitution. Pp. 467–8.

104 S. Car. 501, affirmed.

THE case is stated in the opinion.

*Mr. John L. McLaurin* and *Mr. Wendell P. Barker* for plaintiff in error. *Mr. R. H. Welch* was also on the brief.

They contended that under the provisions guaranteeing the privileges and immunities of citizens, contained in § 2, Art. IV, of the Constitution, the Fourteenth Amendment, and § 5, Art. I, of the constitution of South Carolina, the statute in question was void. The following authorities were cited. *Commonwealth* v. *Milton*, 51 Kentucky, 212, 219; *Corfield* v. *Coryell*, 4 Wash. C. C. 380; *Slaughter-House Cases*, 16 Wall. 36, 97; *Butchers' Union Co.* v. *Crescent City Co.*, 111 U. S. 746, 757; *Ward* v. *Marylan*

12 Wall. 418, 424, 425, 430, 432; *In re Watson*, 15 Fed. Rep. 511, 512; *Cole* v. *Cunningham*, 133 U. S. 107, 114; *Blake* v. *McClung*, 172 U. S. 239, 254, 256; *Sayre Borough* v. *Phillips*, 148 Pa. St. 482, 488, 489; *State* v. *Montgomery*, 94 Maine, 192; *Simrall & Co.* v. *Covington*, 90 Kentucky, 444; *Booth* v. *Lloyd*, 33 Fed. Rep. 593; *Robbins* v. *Shelby County Taxing District*, 120 U. S. 489; *Laurens* v. *Anderson*, 75 S. Car. 62; *Hoadley* v. *Board of Insurance Commrs.*, 37 Florida, 564; Cooley, Const. Lim., 7th ed., p. 567.

*Mr. Thomas H. Peeples*, Attorney General of the State of South Carolina, *Mr. C. N. Sapp*, Assistant Attorney General of the State of South Carolina, and *Mr. Fred H. Dominick* for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

An act of South Carolina approved March 2, 1916, entitled "An act to provide for the licensing of insurance brokers," defines in its first section an insurance broker "to be such person as shall be licensed by the Insurance Commissioner to represent citizens" of the State "for the placing of insurance in insurers" in the "State or in any other State or country." And it is provided in § 2 of the act, among other conditions, that only such persons may be licensed as are residents of the State and have been licensed insurance agents of the State for at least two years.

La Tourette offered to comply with all of the provisions of the act, but could not comply with the requirement of § 2, he being, as he alleged, a resident and citizen of New York; and he attacked the requirement by a petition in the Supreme Court of the State by which he charged it to be a violation of the constitution of the State and of § 2 of Article IV and the Fourteenth Amendment of

the Constitution of the United States, in that he, a citizen of New York, was denied the privileges and immunities granted to citizens of the State of South Carolina and deprived of liberty and property without due process of law. He further alleged that the Commissioner had refused to issue a license to him and prayed that he be required to do so.

The Insurance Commissioner, by the Attorney General of the State and other counsel, demurred to the petition, asserting as the ground thereof that the requirement of the act was a legal exercise of the police power of the State and that La Tourette was not deprived of any privilege or immunity secured to citizens of other States by the Constitution of the United States. The court sustained the demurrer and dismissed the petition and to that action this writ of error is directed.

The pleadings and the action of the court indicate the question in the case and, it would seem, the elements of it, but they are not clearly segregated in the argument of counsel. They seem to be: (1) That La Tourette is deprived of his liberty and a property right by the act of the State in violation of the due process clause of the Fourteenth Amendment. (2) That the act discriminates against citizens of other States in favor of citizens of the State of South Carolina in violation of § 2, Article IV, of the Constitution of the United States.

(1) This contention depends upon the character of the business of insurance, and it was decided in *German Alliance Insurance Co.* v. *Lewis*, 233 U. S. 389, to be clothed with a public interest and subject, therefore, to the regulating power of the State. And it necessarily follows that, as insurance is affected with a public interest, those engaged in it or who bring about its consummation are affected with the same interest and subject to regulation as it is. A broker is so engaged—is an instrument of such consummation. The statute makes him the representa-

tive of the insured. He is also the representative of the insurer (*Hooper* v. *California*, 155 U. S. 648, 657), and his fidelity to both may be the concern of the State to secure. As said by the Supreme Court of the State: "It is important for the protection of the interests of the people of the State that the business should be in the hands of competent and trustworthy persons." And we may say that this result can be more confidently and completely secured through resident brokers, they being immediately under the inspection of the Commissioner of Insurance.[1] The motive of the statute, therefore, is benefit to insurer and insured and the means it provides seem to be appropriate.

"But we need not cast about for reasons for the legislative judgment. We are not required to be sure of the precise reasons for its exercise or be convinced of the wisdom of its exercise." It is enough if the legislation be passed in the exercise of a power of government and has relation to that power. *Rast* v. *Van Deman & Lewis Co.*, 240 U. S. 342, 365, 366, and cases cited; also *Bunting* v. *Oregon*, 243 U. S. 426, 437.

(2) This contention, that is, that the act discriminates against citizens of other States and thereby offends the

---

[1] Sec. 3. Such insurance broker shall exercise due care in the placing of insurance and shall procure from the supervising official in the State or county in which the home office of the insurer is located a certificate to the effect that the insurer is safe and solvent and is authorized to do business. He shall furnish the insured a statement showing the financial condition of the insurer and such other information as the insured may require. He shall report to the Insurance Commissioner in detail the amount of insurance placed and the premiums paid therefor, and shall pay to the Insurance Commissioner the additional license fee herein provided. He shall submit to the Insurance Commissioner within thirty days after December 31 of each year an annual report of his transactions, and his books, papers and accounts shall at all times be open to the inspection of the Insurance Commissioner or a deputy appointed by him.

Constitution of the United States, is La Tourette's ultimate reliance, and to it his counsel devote their entire argument. The State replies its power over insurance and that the legislation it justifies extends to its agents and is best executed when they are residents of the State. This view we have sustained, and manifestly to declare the legislation illegal is to put a restraint upon a power that has practical justifications.

The illegality of the act is, however, earnestly urged and that it is a "trade regulation" and recognizes "the business, trade or occupation of an insurance broker as proper and legitimate," and yet denies to La Tourette, a citizen of New York, the right to engage in it and thereby abridges the privileges and immunities that he has as a citizen. The contention is expressed and illustrated in a number of ways, and the privilege of a citizen is defined to be "the right to pursue and obtain happiness and safety" and "to pursue any lawful business or vocation, in any manner not inconsistent with the equal rights of others," and that whatever rights a State grants to its own citizens are the measure within its jurisdiction of the rights of the citizens of other States, and for these propositions *Slaughter-House Cases*, 16 Wall. 36, and *Butchers' Union Co.* v. *Crescent City Co.*, 111 U. S. 746, are cited. Other cases are also cited in illustration. We do not dispute the propositions, and to see if they determine against the act under review we must turn to its words, as did the Supreme Court of the State, whose interpretation of them we must accept. It said, speaking by Mr. Justice Hydrick: "A citizen of any State of the Union who is a resident of this State and has been a licensed insurance agent of this State for at least two years may obtain a broker's license; on the other hand, a citizen of this State, who is not a resident of the State and has not been a licensed insurance agent of this State for two years, may not be licensed. No discrimination is made

on account of citizenship. It rests alone on residence in the State and experience in the business." And the court further said: "Citizenship and residence are not the same thing, nor does one include the other. *Cummings* v. *Wingo*, 31 S. C. 427, 435, 10 S. E. 107, and authorities cited. But our conclusion is not rested upon the mere use of the word 'residents'; for no doubt it might appear from the purpose and scope of an act that 'residents' was used in the sense of 'citizens.' If so, the Court would so construe it; and in no event would the Court sanction an evasion of the purpose and intent of this wise and wholesome provision of the Constitution based on mere verbiage. But there is nothing in the act to suggest any such intention. On the contrary, the words 'residents' and 'citizens' are both used, each apparently in its ordinary legal sense, which is well defined and understood, making a distinction which is substantial in its purpose and one that is sanctioned by the highest judicial authority."

The court thus distinguishes between citizens and residents and decides that it is the purpose of the statute to do so and, by doing so, it avoids discrimination. In other words, it is the effect of the statute that its requirement applies as well to citizens of the State of South Carolina as to citizens of other States, residence and citizenship being different things.

*Judgment affirmed.*