## NEW YORK TITLE & MORTGAGE CO. v. TARVER et al.

### No. 380.

District Court, W. D. Texas, Austin Division. June 3, 1931.

Goggans & Ritchie, of Dallas, Tex., A. N. Moursund, of San Antonio, Tex., Lyle Saxon, of Dallas, Tex., and George S. Parsons, of New York City, for complainant.

The Attorney General of Texas; Charles L. Black and Ireland Graves, both of Austin, Tex., for defendants.

Before FOSTER, Circuit Judge, and WILSON and BOYNTON, District Judges.

### Findings of Fact.

PER CURIAM.

1. That on the 27th day of February, 1929, there became effective within the state of Texas a statute, known and designated as the Title Insurance Act, duly enacted by the Forty-First Legislature of the State of Texas at the regular session thereof, known as chapter 40 of the laws of such session (Vernon's Ann. Civ. St. Art. 1302a); section 3 of said act providing as follows:

"Sec. 3. Corporations so formed as well as foreign corporations and those created under Subdivision 57, Article 1302 of the Revised Statutes of 1925, or under Chapter 18, Title 78, Revised Statutes of 1925, or any other law insofar as the business of either may be a title insurance business, shall operate in Texas under the control and supervision and under such uniform rules and regulations as to forms of policies and underwriting contracts and premiums therefor, as may be from time to time prescribed by the Board of Insurance Commissioners of Texas; and no Texas or foreign corporation whether incorporated under this Act or any other law of the State of Texas shall be permitted to issue any title policy or mortgage certificate or underwriting contract on Texas property other than under this Act and under such rules and regulations. No policy of title insurance or guarantee of any character on Texas titles shall be issued or valid unless

written by a corporation complying with all provisions of and authorized or qualified under this Act. Before any rate provided for herein shall be fixed or changed, reasonable notice shall issue, and a hearing afforded to the companies affected by this Act. Every company doing business under this Act shall file with the Board of Insurance Commissioners the form of guarantee certificate, mortgage policy or any policy of title insurance before the same shall be issued, and the form must be approved by the Board, and be uniform as to all companies. Under no circumstances may any company use any form until after the same shall have been approved by the Board.

"The Board of Insurance Commissioners shall have the right and it shall be its duty to fix and promulgate the rates to be charged by corporations created or operating hereunder for premiums on policies or certificates and underwriting contracts. The rate fixed by the Board shall be reasonable to the public and nonconfiscatory as to the company. For the purpose of collecting data on which to determine the proper rates to be fixed, the Board shall have the right to require the companies operating in Texas to submit such information in such form as it may deem proper, all information as to loss experience, expense of operation, and other material matter for its consideration.

"Rates when once fixed shall not be changed until after a public hearing shall be had by the Board, after proper notice sent direct to all companies interested in writing this business, and after public notice in such manner as to give fair publicity thereto for two weeks in advance. The Board must call such hearing to consider rate changes at the request of a company writing title insurance, or if the Board thinks that a change in rates may be proper. Any company or other person interested, feeling injured by any action of the Board with regard to rates, shall have the right to file a suit in the District Court of Travis County, within thirty days after the Board has made such order, to review the action, in which suit the Court may enter a judgment correcting the Board's order and fixing such rates as may be proper, or affirming the action of the Board. Under no circumstances shall any rate of premium be charged for policies or underwriting contracts different from those fixed and promulgated by the Board, or those fixed in a final judgment of the Court as herein provided."

And section 4 of said act provides as follows:

"Sec. 4. Corporations organized under the laws of any other State shall be permitted to do business in this State on exactly the same basis and subject to the same rules, regulations and prices and supervision as fixed for Texas corporations."

■ 2. From the evidence and record in the case at bar it is found, and held, that title insurance, and uniform rules and regulations as to forms of policies and premiums therefor, is a business of public interest, affected by a public use.

3. That the uniform form of policy, premium rates, fees, rules, and regulations complained of in complainant's bill, herein, were not determined on, fixed, and promulgated by said Board of Insurance Commissioners until after public hearings were held and conducted by said board, of which all companies and interested parties to be affected had reasonable notice, at which discussion was had of proposed uniform form of policy, premium rates, fees, rules, and regulations to be adopted and promulgated by said board; and were attended and participated in by a representative or representatives of complainant company.

4. The court further finds that the form of policy, uniform form of policy, premium rates, schedules of rates and fees, rules and regulations, so adopted, prescribed, and promulgated by the Board of Insurance Commissioners of Texas, under and by virtue of provisions contained in section 3 of said Title Insurance Act aforesaid, in complainant's bill alleged, are not shown to be arbitrary or unreasonable, but on the other hand to be reasonable, and nonconfiscatory as to the company.

### Conclusions of Law.

■ I. A state government, under powers inherent in every sovereignty, may enact laws to regulate a business, otherwise private in nature, that has become affected with a public interest; under its police power, so long as such regulation is not arbitrary and unreasonable. Munn v. Illinois, 94 U. S. 113, 24 L. Ed. 77; German Alliance Ins. Co. v. Lewis, Sup't of Ins. of Kansas, 233 U. S. 389, 34 S. Ct. 612, 58 L. Ed. 1011, L. R. A. 1915C, 1189; La Tourette v. McMaster, 248 U. S. 465, 39 S. Ct. 160, 63 L. Ed. 362; Stipcich v. Metropolitan Life Insurance Co., 277 U. S. 311, 320, 48 S. Ct. 512, 72 L. Ed. 895; O'Gorman & Young v. Hartford Fire Insurance Co. (O'Gorman & Young v. Phoenix Assurance Co., Ltd.), 282 U. S. 251, 51 S. Ct. 130, 75 L. Ed. 324, January 5, 1931.

586

■

■ II. Whether rate regulation is necessary in regard to a particular business affected by a public use, such as insurance, is a matter for legislative determination. The court can only determine whether the Legislature has the power to enact it. German Alliance Ins. Co. v. Lewis, Sup't of Ins. of Kansas, 233 U. S. 389, 34 S. Ct. 612, 58 L. Ed. 1011, L. R. A. 1915C, 1189.

III. That by reason of the fact that title insurance is here found and held, by the court, to be a business of public interest affected by a public use, the Legislature of the State of Texas had power to enact said Title Insurance Act of February 27, 1929, and, as in section 3 thereof (Vernon's Ann. Civ. St. art. 1302a, § 3) provided, vest the Board of Insurance Commissioners with legal authority and power to adopt and prescribe uniform rules and regulations as to forms of policies of such insurance and rate of premiums therefor, and further provide, as in said section of said act set forth, that "under no circumstances may any company use any form until after the same shall have been approved by the Board."

IV. It is further held by the court that the form of policies so prescribed and rates of premiums so fixed and prescribed by the Board of Insurance Commissioners of the State of Texas, here in question, as shown by the record herein, are not shown to be arbitrary or unreasonable.

V. That under and by virtue of said Title Insurance Act said Board of Insurance Commissioners held as vested with implied power to fix maximum amounts to be charged for services and fees in connection with the writing of policies, so long as same be found reasonable. O'Gorman & Young v. Hartford Fire Insurance Co. (O'Gorman & Young v. Phoenix Assurance Co., Ltd.), 282 U. S. 251, 51 S. Ct. 130, 75 L. Ed. 324, January 5, 1931.

■ VI. That said Title Insurance Act is held to only relate to and affect form of policies and premium rates of such insurance, etc., within the state of Texas, the doing of business within the state of Texas; not to be extraterritorial in its effect, and same cannot affect the form of policies in use by complainants in other states than the state of Texas or rates of premium charged on policies written outside the state of Texas not to be performed within this state. The state of Texas has the power to say what kind of title insurance business shall be performed in the state of Texas. Bothwell et al. v. Buckbee, Mears Co., 275 U. S. 274, 48 S. Ct. 124, 72 L. Ed. 277.

■■ VII. That section 3 of said Title Insurance Act of the State of Texas is held not to be unconstitutional, repugnant to the Fourteenth Amendment, or any other portion, of the Constitution of the United States. "Every statute is presumed to be constitutional. The courts ought not to declare one to be unconstitutional, unless it is clearly so. If there is doubt, the expressed will of the legislature should be sustained." Munn v. Illinois, 94 U. S. 113, 123, 24 L. Ed. 77.

Therefore, based upon the findings of fact and conclusions of law, complainant's motion and prayer for interlocutory injunction herein is denied.