BOOTH, Judge,
dissenting:
I respectfully dissent from the opinion of my colleagues and would adhere to the judgment of the learned trial court, which judgment is as follows:
ORDERED AND ADJUDGED that Section 626.731(2), Florida Statutes, is hereby declared constitutional and not in violation of the constitutional provisions alleged by the plaintiff. LaTourette v. McMaster, 348 [248] U.S. 465, 63 L.Ed. 362, 39 S.Ct. 160 (1919).
Appellant challenges the constitutionality of Section 626.731(2), Florida Statutes, providing the following requirement for licensing as a general lines agent:
That the applicant has been a bona fide resident of this state for at least one year past, and will actually reside in this state for at least six months out of each year.
Appellant does not challenge residency per se as a requirement for licensing, but contends the durational (one-year) feature of the statutory residential requirement is discriminatory and unreasonable.
The majority holds the one-year residency requirement violates the privileges and immunities clause. I disagree. Section 626.731(2), Florida Statutes applies to citizens/residents of all states. In order to violate the privileges and immunities or equal protection clauses, it should be shown that “residents” of Florida can be licensed even though they have been residents for less than a year, whereas “nonresidents” must reside in the state for one year before eligible. Appellant, however, has failed to show that the statute, on its face or in actual practice, discriminates against nonresident applicants as a class as to the one-year requirement.
Appellee’s contention that applicants for general lines agent’s license is a “class” impermissibly discriminated against, as compared to applicants for other professional or quasi-professional licensing, is also without merit. The classification is clearly a reasonable one for the exercise of regulatory powers.
The statute being nondiscriminatory, this court is not required to scrutinize the legitimate State concerns furthered by the residency requirement, but on that point too I would hold that, considering the nature of the insurance industry as peculiarly subject to State regulation and affected with public interest and the characteristics of services performed by a general lines agent, the residency requirements of the Act are not unrelated to the regulatory purpose of Chapter 626, Florida Statutes. The trial court heard and considered the testimony bearing on the legitimate State interest served by the legislation, and the judgment below is supported on that basis by the record.
*281 The decision of the United States Supreme Court in LaTourette v. McMaster, 248 U.S. 465, 39 S.Ct. 160, 63 L.Ed. 362 (1919), is correctly cited by the trial court in support of its decision upholding the validity of the Florida statute. In LaTour-ette, supra, the South Carolina statute in question required the applicant for a license as an insurance broker be a resident of South Carolina and have been licensed as an insurance agent of that state for at least two years.[1] The United States Supreme Court upheld the statute based on the nature of the industry regulated, and the reasonableness of the residency requirement in relation to that regulation (248 U.S. at 467-68, 39 U.S. at 161), holding that insurance is “clothed with the public interest,” and:
[I]t necessarily follows that, as insurance is affected with the public interest, those engaged in it or who bring about its consummation are affected with the same interest and subject to the same regulation as it is. A broker is so engaged, — is an instrument of such consummation .... As said by the Supreme Court of the state:
“It is important for the protection of the interest of the people of the state that the business should be in the hands of competent and trustworthy persons.” ... And we may say that this result can be more confidently and completely secured through resident brokers.
The Supreme Court in LaTourette, supra, also found that the statute did not discriminate against citizens .of other states, adopting the lower court’s interpretation (248 U.S. 469, 39 S.Ct. 162):
A citizen of any state of the Union who is a resident of this state and has been a licensed insurance agent of this state for at least two years may obtain a brokers license; on the other hand, a citizen of this state, who is not a resident of this state, and has not been a licensed insurance agent of this state for two years, may not be licensed. No discrimination is made on account of citizenship. It rests alone on residence in the state and experience in the business.
The record supports a determination that the one-year residency requirement is nondiscriminatory and related to the furtherance of legitimate State interests. The United States Supreme Court in the La-Tourette case held the court is “not required to be sure of the precise reasons for ... [the exercise of the legislative judgment] or convinced of the wisdom of its exercise.”[2] As frequently stated, the court should not substitute its judgment for that of the Legislature.
I would affirm the judgment below.

. The parties disagree as to whether the South Carolina Civil Code, Chapter XLVIII (1922), considered in LaTourette v. McMaster, supra, imposed a "durational” residency requirement on those applying to be insurance brokers within the state. A review of the statutes of that state shows that the effect of requiring an applicant to be a licensed agent of the state "for at least two years" is a residential requirement since the agent can only work in the State of South Carolina if he resides there. The net result of both the South Carolina and the Florida statutes is to impose a combination durational residency and educational prerequisite for licensing. See, State v. Fireman's Insurance Company, 164 S.C. 313, 162 S.E. 334 (1931).

. LaTourette v. McMaster, 248 U.S. 468, 39 S.Ct. 161 (1919).