**Leonard J. SILVER, et al., Plaintiffs,**

v.

**Juan Antonio GARCIA, et al., Defendants.**

**Civ. No. 83–0095(RLA).**

United States District Court, D. Puerto Rico.

Aug. 3, 1984.

Hernando A. Rivera, Hato Rey, P.R., Clifford S. Robbins, Washington, D.C., for plaintiffs.

Howard Charles, Dept. of Justice, Commonwealth of P.R., San Juan, P.R., for defendants.

## OPINION AND ORDER

ACOSTA, District Judge.

The Insurance Code of Puerto Rico, 26 L.P.R.A. (the Code), by virtue of the amendment by Act No. 150 of July 23, 1974, regulates the field of insurance consulting. The Code defines an insurance consultant as:

> ... the person who for compensation as an independent contractor, if not the insurer, advises his client, offers advice, counselling, information with regard to the terms, conditions and benefits coverage of a policy and of any policy premium or contract, or offers counselling with regard to the advisability or opportunity of cancelling or continuing to hold a policy or of accepting any contract or policy.
>
> Any person who through any advertisement or any means of publicity uses the name of an insurance consultant, insurance specialist, insurance advisor, insurance analyst or any other similar name, shall be considered as being an insurance consultant.

26 L.P.R.A. § 905a(1).

The Code spells out general requirements for all the insurance-related activities it regulates.[1]

In order to be licensed as an insurance consultant, an individual must comply with a residency requirement. The pertinent provision reads as follows:

> Every applicant for an insurance consultant license shall meet the following requirements: (1) Must have resided de facto in Puerto Rico and must have been a bona fide resident of Puerto Rico for at least one year immediately preceding the date on which license is applied for.

26 L.P.R.A. § 924a(1).

Plaintiffs and defendants have filed cross-motions for summary judgment[2] in accordance with Fed.R.Civ.P. 56. It appearing from said motions, memoranda in support thereof and affidavits and attachments thereto that there is no genuine issue as to any material fact, the Court can and does hereby resolve the controversy submitted for its consideration.

Plaintiffs through this suit have attacked the constitutionality of the residency requirements for the licensing of an individual as an insurance consultant, 26 L.P.R.A. § 924a(1), on the grounds it violates the Privileges and Immunities Clause, Art. IV, Sec. 2, of the United States Constitution; Equal Protection Clause, Fourteenth Amendment, Sec. 1, of the United States Constitution; the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution; and the Commerce Clause, Art. I, Sec. 8, Clause 3, of the United States Constitution, and on the grounds that Section 924a(1) is a Bill of Attainder and unconstitutional under Art. 1, Sec. 10, Clause 1, of the United States Constitution, and violates Art. II, Sec. 7, of the Constitution of the Commonwealth of Puerto Rico. On the other hand, defendants allege that the residency requirements of Section 924a(1) was approved pursuant to the Commonwealth's police power, that said residency requirement is vested with public interest, that the requirement is reasonably related to the purpose of the statute and, hence, it does not violate the Privileges and Immunities Clause nor the Due Process Clause of the Constitution of the United States, nor the Commerce Clause, nor does it constitute an unlawful Bill of Attainder.

After considering the arguments presented by the parties in their cross-motions for summary judgment, together with the evidence submitted therewith, this Court concludes that there being no issues

---

1. 26 L.P.R.A. § 907 requires a license to engage as an insurance consultant, *Id.* at § 906, which may only be issued to individuals, *Id.* at § 916. Engaging in one of the insurance-related activities, such as insurance consulting, without the required license is a misdemeanor. *Id.* at §§ 906 and 924b(2).

2. Plaintiffs' Motion for Summary Judgment filed on March 4, 1983; defendants' Motion for Summary Judgment filed on May 6, 1983.

of material fact present, summary judgment is proper pursuant to Fed.R.Civ.P. 56 and that the residency requirements of the Code, 26 L.P.R.A. § 924a(1), infringe upon the Privileges and Immunities Clause, Art. IV, Sec. 2, of the United States Constitution.[3]

## FACTUAL BACKGROUND

Plaintiffs, Leonard J. Silver (Silver) and Alvin E. Mangold (Mangold), are citizens of the United States and of the Commonwealth of Pennsylvania. They are president and executive vice president, respectively, of First Risk Management Company (First Risk), a Pennsylvania corporation incorporated in or about 1956. They hold the same positions at First Risk Management (PR), Inc. /First Risk (PR)/, which was incorporated in Puerto Rico on July 25, 1963.[4] First Risk and First Risk (PR) are affiliates; Silver and Mangold are the sole stockholders of both companies.

Plaintiffs Silver and Mangold have been providing services as insurance consultants in Puerto Rico to a broad local clientele since 1963.[5] Since the passage of Act No. 150, on July 23, 1974, introducing licensing requirements for insurance consultants in Puerto Rico, plaintiffs have unsuccessfully attempted to obtain said insurance consultant licenses.

On August 27, 1982, the Insurance Commissioner issued an order instructing that First Risk (PR) and its officials were to immediately cease and desist "from acting as insurance consultants in Puerto Rico until the persons acting on its behalf obtain an insurance consultant's license issued by /the/ office /of the Insurance Commissioner/." Subsequently, plaintiffs requested a hearing as provided for in said order. Having received no answer to their request, plaintiffs again filed applications for insurance consultant licenses on December 10, 1982.

On January 17, 1983, plaintiffs commenced the present action against defendants, the Commissioner of Insurance and the Secretary of Justice, in their official capacity, alleging they have been refused a license for the sole reason that they do not meet the one-year residency requirement. They further claim that as long as residency remains a requirement for applicants for such a license, they will be (1) excluded from acting as insurance consultants in Puerto Rico; (2) deprived of their constitutional right; (3) barred from providing further services to their Puerto Rico clients; and (4) thereby, suffering substantial loss of livelihood. Plaintiffs request injunctive and declaratory relief.

Jurisdiction is predicated under 28 U.S.C. §§ 1331, 1343(a), 1391(b), 2201 and 2202; and 42 U.S.C. § 1983.

## PRIVILEGES AND IMMUNITIES

Long included among the fundamental rights sufficient to trigger scrutiny under the Privileges and Immunities Clause is the "right of a citizen of one state to pass through, or to reside in any other state" for purposes of "trade" or "professional pursuits". *Baldwin v. Fish & Game Com'n of Mont.*, 436 U.S. 371, 384, 98 S.Ct. 1852, 1860, 56 L.Ed.2d 354 (1978) /quoting

---

**3.** The Privileges and Immunities Clause was expressly extended to Puerto Rico. Federal Relations Act, Sec. 2 (48 U.S.C. § 737). While doing so, Congress expressly stated that the clause's mandate of nondiscrimination was to have equal force in Puerto Rico. Dissatisfied with Puerto Rico legislation that discriminated against United States citizens on the basis of nonresidency, *see* F.Rep. No. 422, 80th Cong., 1st Sess. 4 (1947), Congress extended the Privileges and Immunities Clause to Puerto Rico "to leave no doubt that there may be no discrimination against citizens of the United States who are not residents of Puerto Rico." 93d Cong., 10, 402 (1947) (statement of Senator Butler).

**4.** Originally, the corporation was named First Insurance Management (PR), Inc., but was subsequently changed to its present title.

**5.** Among these are Banco de Ponce; Plaza Provision Company; Bacardí Corporation; Vaquerías Tres Monjitas, Inc.; Pueblo Supermarkets; Holsum Bakers of Puerto Rico, Inc.; J. Gus Lallande, Inc.; Plaza Las Américas, Inc.; and Bird Construction Co. (Silver's affidavit, Par. 6, and Exhibit 4.)

*Corfield v. Coryell,* 6 Fed.Cas. 546, 552 (C.C.E.D.Pa.1825) (No. 3230)/. *See also, Strauss v. Alabama State Bar,* 520 F.Supp. 173, 177 (N.D.Ala.1981). The right of a resident of one state to do business in another state "on terms of substantial equality" with residents in that state is thus protected as fundamental under the Privileges and Immunities Clause. *See, Hicklin v. Orbeck,* 437 U.S. 518, 525, 98 S.Ct. 2482, 2487, 57 L.Ed.2d 397 (1978); *Toomer v. Witsell,* 334 U.S. 385, 396, 68 S.Ct. 1156, 1162, 92 L.Ed. 1460 (1948).

When a local statute such as the insurance code in question denies a fundamental privilege to nonresidents, the Supreme Court has established that it should only be held constitutional under the Privileges and Immunities Clause if it meets a two-pronged test. The test requires that for a discriminatory statute to be constitutional: (1) nonresidents must constitute a peculiar source of the evil at which the statute is aimed; and (2) the discrimination the statute works against nonresidents must bear a substantial relationship to the particular evil they are said to present. *Hicklin, supra,* 437 U.S. at 525–28, 98 S.Ct. at 2487–2488; *Toomer, supra,* 335 U.S. at 396–400, 68 S.Ct. at 1162–1164. The burden of proof falls upon defendants to demonstrate that Section 924a(1) meets this two-pronged test for constitutionality. *See, District No. 1, Pacific Coast District, M.E.B.A. v. Ward,* 505 F.Supp. 98, 100 (W.D.Wash.1981); *cf. Hicklin, Id.,* 437 U.S. at 526–27, 98 S.Ct. at 2487–2488. The defendants have not met this burden.

To pass the first criteria of the test, nonresident insurance consultants must constitute a peculiar source of the problem Section 924a(1) was designed to remedy. The legislative history of the licensing statute contains no specific mention of the purpose of the residency requirement of Section 924a(1), but merely indicates that the

insurance consultant licensing statutes were passed as a consumer protection measure to regulate and control "the insurance consultant in his relations with the insurance consumer public". Committees on Consumer Affairs and Civil Law, Joint Report to the House of Representatives of Puerto Rico of 1974, 7th Assembly, 2d Sess. 5 (1974). Therefore, to pass constitutional muster under the first prong of the test, nonresident insurance consultants must constitute a peculiar source of harm to the "insurance consumer public".

Defendants have presented no evidence to show that nonresident insurance consultants constitute any source of harm to insurance consumers in Puerto Rico. Their only asserted justification for Section 924a(1)'s total exclusion of nonresidents from licensing is that a "residency requirement makes possible a thorough, rapid and economical investigation of an applicant for a license as ... insurance consultant",[6] and that the residency requirement makes illegal practices more susceptible to detection and control. These arguments have been rejected by the courts.

In *Stalland v. South Dakota Board of Bar Examiners,* 530 F.Supp. 155 (D.S.D. 1982),[7] the Court flatly rejected the argument that nonresidents were a "peculiar source" of the evil of administrative inconvenience and inefficiency in that applications by nonresidents would burden the licensing process and investigative workload. The *Stalland* court, citing the Supreme Court in *Sosna v. Iowa,* 419 U.S. 393, 406, 95 S.Ct. 553, 560, 42 L.Ed.2d 532 (1975), found that administrative convenience is simply not a "substantial interest sufficient to justify a residency requirement". *Stalland, supra,* 530 F.Supp. at 159. *See also, Keenan v. Board of Law Examiners of State of N.C.,* 317 F.Supp. 1350, 1360 (E.D.N.C.1970).[8]

---

**6.** Defendant Juan Antonio Garcia's affidavit, Par. 13.

**7.** Residency requirement for bar admission held unconstitutional under the Privileges and Immunities Clause.

**8.** Contention that out-of-state investigations would be burdensome and expensive held insufficient justification for a one-year residency requirement for bar examination.

Neither the easiness of detection and control of illegal practices pass the first prong of the test. The Commissioner of Insurance has broad investigatory powers. *Commissioner of Insurance v. Bradley,* 98 D.P.R. 21 (1960). As shown in these proceedings, the Commissioner may make inquiries to the insurance consultant's clients.[9] Puerto Rico's boundaries are not a significant obstacle to disciplining a non-resident insurance consultant since its long-arm-statute, Rule 4 of Puerto Rico Rules of Civil Procedure, extends to the limits of due process. *Ramón Vela, Inc. v. Sagner, Inc.,* 382 F.Supp. 478 (D.C.P.R.1974).

Furthermore, the asserted justifications in support of the residency requirements of Section 924a(1) seem to be defeated by the code itself. First, the Code allows, with the limitations imposed therein, the licensing of nonresident agents and brokers. 26 L.P.R.A. §§ 926 and 927. We fail to see why in the case of agents and brokers residency or nonresidency is not a factor that makes illegal practices more or less susceptible of detection and control as is asserted in the case of insurance consultants. Second, the Code allows the Insurance Commissioner to extend temporary licenses [10] to nonresident insurance consultants upon request of any governmental instrumentality. 26 L.P.R.A. § 924a(1), in fine. We fail to see why nonresidency under these circumstances is not the peculiar source of evil Section 924a(1) was designed to remedy.

The courts have reviewed and rejected other claims asserted in support of discriminatory residency requirements. In *Piper v. Supreme Court of New Hampshire,* 539 F.Supp. 1064 (D.N.H.1982), *aff'd,* 723 F.2d 110 (1st Cir.1983),[11] the argument that nonresidents would not be committed to learn local rules and practices was rejected on the basis that any new applicant, whether resident or nonresident, would be just as likely to be ignorant of local rules. *Id.* at 1072. *See also, Stalland, supra,* 530 F.Supp. at 159-60.[12] The court in *Piper* also rejected the argument that nonresidents are a "peculiar source" of disregard for the development of a good reputation for the local profession noting that "regard for the good reputation of the ... (profession) generally is a function of where an individual's heart is, not where (his) house is". *Piper, supra,* 539 F.Supp. at 1072.

The argument that nonresidents are a "peculiar source of evil" to the general welfare of the local citizenry because they displace residents from the local job market has also been rejected in previous cases. In *Hicklin, supra,* 437 U.S. at 518, 98 S.Ct. at 2482,[13] the State of Alaska argued that the influx of nonresidents displaced resident pipeline workers. The Court found that the nonresidents were not the "peculiar source" of Alaska's uniquely high unemployment which was caused primarily by the lack of education, job training, or geographical remoteness from job opportunities of Alaska's jobless residents. *Id.* at 526-27, 98 S.Ct. at 2487-2488. In *Brown v. Anderson,* 202 F.Supp. 96 (D.Alaska 1962),[14] the Court stated that the effect of the Privileges and Immunities Clause cannot be avoided "solely under the guise of avoiding economic losses to residents". *Id.*

---

**9.** Exhibit 19 filed with plaintiffs' Motion for Summary Judgment on March 4, 1983.

**10.** The Code generally imposes certain limitation to temporary licenses. 26 L.P.R.A. §§ 944 and 945. However, these sections only refer to temporary licenses issued to agents and brokers and not to a temporary license issued by the Insurance Commissioner to a nonresident insurance consultant at the request of a governmental instrumentality.

**11.** Residency requirement for bar admission unconstitutional under the Privileges and Immunities Clause.

**12.** State failed to show nonresidents constitute a "peculiar source" of ignorance of local attitudes.

**13.** Preference granted to residents over nonresidents in oil and gas pipeline employment found unconstitutional under the Privileges and Immunities Clause.

**14.** Residency requirement which would have excluded nonresident commercial fisherman from fishing in state waters held unconstitutional under Privileges and Immunities Clause.

at 102. *See also, District No. 1, supra,* 505 F.Supp. at 100.

Assuming nonresident insurance consultants were found to constitute a problem which the Commonwealth legitimately might address, this by itself is insufficient. Under the second part of the Privileges and Immunities Clause test, legislation must also bear a "reasonable relationship" to the end desired. *Piper, supra,* 539 F.Supp. at 1072. This relationship must be "substantial", *Hicklin, supra,* 437 U.S. at 527, 98 S.Ct. at 2488, and the means chosen must be "closely tailored" to meet the purpose, i.e., it must be the least restrictive alternative available. *Hicklin, Id.; Piper, Id.; Strauss, supra,* 520 F.Supp. at 176–77. Section 924a(1) does not meet this test.

Defendants aver that the purpose of Section 924a(1) residency requirement is to thoroughly ensure in an economical manner that only competent and able insurance consultants engage in their profession in Puerto Rico. However, there has been no showing that nonresidents constitute such a peculiar source of evil of incompetence as to warrant discrimination. As we have already stated, the courts have held that mere administrative convenience or economic interest associated with licensing only locals is not a legitimate constitutional basis for discrimination against nonresidents. A residency requirement does not even bear a "reasonable relationship" to the goal of ensuring character or competency because information concerning this matter is likely, even after a year of forced residency, to be found outside Puerto Rico in the hands of those with whom an applicant has dealt. *See, Strauss, supra,* 520 F.Supp. at 177. It is at best overbroad, prohibiting many competent as well as the less competent applicants from obtaining a license. Rather than promote competency, a residency requirement creates an unconstitutional "protectionist trade barrier for the economic protection of local interests."

*Id.* at 179 (and cases cited therein). Less restrictive means to achieve the goal of ensuring competency are readily available. As the Court suggested in *Strauss,*[15] Puerto Rico could make it a requisite that a nonresident insurance consultant pass recognized national examinations in his field, e.g., those required to obtain the Charter Property Casualty Underwriter (CPCU) and Associate in Risk Management Degree (ARM) designations. *Id.* at 178–79. It could also be a requisite that they be members in good standing of one of the nationwide associations for insurance consultants, such as the Insurance Consultants' Society (ICS) or the Institute of Risk Management Consultants (IRMC).

Puerto Rico could also impose other less intrusive means of ensuring competency. A periodic test of local rules could be required. It could require new licenses to attend a local skills course, as well as a periodic refresher skills course. It could also require that they be linked to experienced local insurance consultants. In *Piper, supra,* 539 F.Supp. at 1073, similar alternatives were suggested as less restrictive means to familiarize bar-admission applicants with the local rules, rather than the overbroad residency requirement. In addition to this, Puerto Rico already has a local testing requirement whose implementation would ensure the competency of the aspirants, thereby obviating the need of a residency requirement.[16]

The supervision of the activities of a nonresident insurance consultant could also be implemented through less stringent methods. The keeping of books in Puerto Rico, as well as records and documents pertaining to their Puerto Rican clients, could be required as it is for agents, brokers and adjusters. *See,* 26 L.P.R.A. § 936. The rendering of periodic reports, as is the case for agents, brokers, solicitors or adjusters, could also be required. *Id.* at § 937.

---

**15.** Residence requirement for taking the bar examination held unconstitutional under the Privileges and Immunities Clause in that the requirement's discrimination against nonresidents

bore no relationship to the legitimate state interest of ensuring competency.

**16.** *See,* 26 L.P.R.A. §§ 924a(3) and 911.

Defendants argue that regulation of insurance consultants is proper pursuant to the state's "police power", which has been used to broadly regulate the insurance industry.[17] However, there is no support in favor of the proposition that police power or any other power permits a state or Puerto Rico to regulate in violation of the United States Constitution. As ample as police power may be in the field of insurance, or any other field, the law is clear that statutes promulgated under this power may not contravene and are limited by the mandates of the Constitution. *See, Dunn v. Blumstein,* 405 U.S. 330, 343, 92 S.Ct. 995, 1003, 31 L.Ed.2d 274 (1972); *Ferguson v. Skrupa,* 372 U.S. 726, 730–31, 83 S.Ct. 1028, 1031–1032, 10 L.Ed.2d 93 (1963).[18]

Defendants rely heavily on the Supreme Court's decision in *La Tourette v. McMaster,* 248 U.S. 465, 39 S.Ct. 160, 63 L.Ed. 362 (1919), to support their contention that Section 924a(1) does not violate the Privileges and Immunities Clause. In that case, the Court made a distinction between state "residence" and "citizenship" as a basis for approving a residency requirement for insurance brokers. It was held that, since the statute involved discriminating on the basis of residency, there was no encroachment on the rights of citizenship protected by the Privileges and Immunities Clause. *Id.* at 470, 39 S.Ct. at 162. However, we note that *Hicklin, supra,* 437 U.S. at 524, n. 8, 98 S.Ct. at 2486, n. 8, rejects the basic premise of *La Tourette* while reinvigorating the Privileges and Immunities Clause.[19]

In the cases of *Hoopeston v. Cullen,* 318 U.S. 313, 63 S.Ct. 602, 87 L.Ed. 777 (1943) and *Osborn v. Ozlin,* 310 U.S. 53, 60 S.Ct. 758, 84 L.Ed. 1074 (1940), also cited by defendants, the state regulation did not totally preclude nonresidents from the local market. Therefore, those provisions did not result in a discriminatory impact on the right to travel or the ability of nonresidents to practice their livelihood as does Section 924a(1).[20] Other cases cited by defendants as examples of residency requirements upheld by the courts involve requirements that did not infringe upon fundamental or basic rights in a way which would bring them into conflict with the Constitution.[21] Some distinction between residents and nonresidents may be permissible; however, preclusion from pursuing one's livelihood, such as the Section 924a(1) prohibition, is precisely the sort that was characterized by the Supreme Court in *Hicklin* as violative of the Privileges and Immunities Clause.

The United States Court of Appeals for the First Circuit has acknowledged the con-

**17.** Plaintiffs argue that they are not in the insurance business, but that they are risk consultants and as such they provide management consulting services to corporate and individual clients in the area of risk detection, elimination, and other treatment of risk of which insurance may be only one solution. *See* Joint Stipulation, Par. 4; Silver's affidavit, Par. 4. Whether or not plaintiffs are in the business of insurance is an issue this Court does not have to decide today.

**18.** *See also, Buchanan v. Warley,* 245 U.S. 60, 74, 38 S.Ct. 16, 18, 62 L.Ed. 149 (1917) ("the police power, broad as it is, cannot justify the passage of a law or ordinance which runs counter to the limitations of the Federal Constitution..."); *Szeto v. Louisiana State Bd. of Dentistry,* 508 F.Supp. 268, 271 (E.D.La.1981) ("the states' police power must be exercised in a manner consistent with the United States Constitution"); *Nebbia v. New York,* 291 U.S. 502, 537, 54 S.Ct. 505, 516, 78 L.Ed. 940 (1934).

**19.** *Hicklin, supra,* 437 U.S. at 524, n. 8, 98 S.Ct. at 2486, n. 8, reads as follows:

Although this Court has not always equated state residency with state citizenship, ... it is now established that the terms "citizen" and "resident" are "essentially interchangeable," ... for purposes of analysis of most cases under the Privileges and Immunities Clause of Art. IV, § 2. (Citations omitted.)

**20.** The *Hoopeston* and *Osborn* cases required local offices and/or participation by resident agents and they both predate the Privileges and Immunities analysis in *Hicklin.*

**21.** *See, Hawaii Boating Association v. Water Transportation Facilities,* 651 F.2d 661 (9th Cir. 1981) (preferential rates for residents for mooring privileges in recreational boat harbors); *Gurfinkel v. Los Angeles Community College District,* 121 Cal.App.3d 1, 175 Cal.Rptr. 201 (1981) (preferential rates for residents for community college tuition); *Leech v. Veterans Bonus Division Appeals,* 179 Conn. 311, 426 A.2d 289 (1979) (nexus with Connecticut prior to entrance into military required for receipt of state funded veterans benefits).

502

stitutional dimensions of the right to pursue a livelihood in the case of *Piper, supra,* 723 F.2d at 110, when it affirmed that a residency requirement for admission to the bar violated the Privilege and Immunities Clause. We find that the objections raised in that case by the dissident faction were mainly due to the special relation between the bar and a state's judiciary and the role the lawyers play in the primary governmental function of administering justice. *Id.* at 120. However, where the matter concerned is purely a private commercial activity, such as the one in the case at bar, we find no such deference is due. No valid reasons for discriminating against nonresident insurance consultants have been advanced by Puerto Rico, nor does the statute bear any substantial relation to its stated purpose.

Therefore, in view of all the foregoing reasons, plaintiffs' Motion for Summary Judgment is granted, and the residency requirement imposed by Puerto Rico's licensing statute for insurance consultants is hereby declared unconstitutional. Defendants are enjoined from enforcing the residency requirement of 26 L.P.R.A. § 924a(1).

Judgment shall be entered accordingly.

IT IS SO ORDERED.