**NORWOOD et al. v. WARD, State Atty. Gen., et al.**

District Court, S. D. New York
Dec. 2, 1930.

Sidney S. Bobbe, of New York City, for plaintiffs.

Robert P. Beyer, Deputy Asst. Atty. Gen., for defendants Ward and Flynn.

Felix C. Benvenga, of New York City, for defendant Crain.

Before SWAN, Circuit Judge, and COXE and CAFFEY, District Judges, convened pursuant to the provisions of section 266 of the Judicial Code (28 USCA § 380).

SWAN, Circuit Judge.

The bill alleges that May Norwood is owner, and Carlisle Norwood, 3d., her husband, is manager, of a business which they have conducted in New York City under the name of Advertisers' Protective Service for upwards of seven years. The business consists in making, upon request, written reports to persons who may be solicited for advertising or for charitable contributions, concerning the reliability and nature of the publications which solicit advertising and of the charities which solicit contributions. Compensation for such service is charged to clients on a yearly basis. The defendants are the Attorney General and the secretary of state of the state of New York and the district attorney of the county of New York. It is alleged that these officials are threatening to enforce the provisions of article 7 of the General Business Law of New York ([sections 70–76] chapter 79 Laws 1927) against the plaintiffs, thereby destroying their business, and that the law under which they propose to act is unconstitutional. Article 7 (section 71) requires that persons engaging in the business of supplying for hire "information as to the personal character of any person or firm, or as to the character or kind of the business and occupation of any person, firm [company] or corporation," shall obtain a license so to do, to be issued by the secretary of state. It is conceded that plaintiffs have not obtained a license, and it is alleged that neither plaintiff can obtain one because lacking the experience required by the statute as a prerequisite.

It is further alleged that the defendants are conducting an investigation of plaintiffs' business and that the district attorney of the county of New York threatens to prosecute them criminally upon the completion of the investigation. The bill also avers that enforcement of the statute will cause irreparable injury to plaintiffs' business, and that the controversy involves more than the jurisdictional amount of $3,000. The prayer is for a temporary injunction to be made permanent upon the final hearing. Plaintiffs' supporting affidavit merely amplifies in details which need not now be stated the averments of the bill.

The answers admit that plaintiffs' business is such as to require a license under article 7 and is being conducted without one, and that an investigation is under way which will result in criminal prosecution if it discloses a violation of the statute.

1. The plaintiffs' argument concedes, as it must, that the state may regulate the business of private detective. Lehon v. City of Atlanta, 242 U. S. 53, 37 S. Ct. 70, 61 L. Ed. 145; Fox v. Smith, 123 App. Div. 369, 108 N. Y. S. 181, reversed on another ground in 197 N. Y. 527, 90 N. E. 1158. But it is contended that the business of supplying information as to personal character or as to the character or kind of business of a person, firm, or corporation is not a business for which a license may legally be required under an exercise of the State's police power. The business in question is closely akin to that of private detectives. We can not say that requiring a license as prerequisite to engaging in such business is in itself beyond the power of the state. The Legislature may fairly think that the public is entitled to some assurance as to the integrity and competency of those engaging in the business of ferreting out and reporting facts relating to the personal or business character of others. Cf. People v. Perretta, 253 N. Y. 305, 171 N. E. 72 (milk gatherers); Hall v. Geiger-Jones Co., 242 U. S. 539, 37 S. Ct. 217, 61 L. Ed. 480, L. R. A. 1917F, 514, Ann. Cas. 1917C, 643 (license for dealers in securities); Brazee v. Michigan, 241 U. S. 340, 36 S. Ct. 561, 60 L. Ed. 1034, Ann. Cas. 1917C, 522 (license for employment agencies); Roman v. Lobe, 243 N. Y. 51, 152 N. E. 461, 50 A. L. R. 1329 (license for real estate brokers).

2. The statute is also attacked as discriminatory and invalid because it exempts by section 75 certain classes of persons, including "any person * * * whose business is the furnishing of information as to the business and financial standing, credit and responsibility of persons, firms or corporations." While we confess to some difficulty in seeing the reasons for exempting financial rating agencies, we cannot say on

this motion that there may not be differences in the manner of gathering information as to financial ratings as distinguished from gathering information as to personal character or business "character"; hence the social evils to be guarded against by a licensing statute may not be identical in the two types of business. We cannot hold that the legislative classification is necessarily unreasonable. Moreover, there is some doubt whether the statute exempts merely credit rating reports or all reports made by a credit rating agency. One Attorney General of the state has ruled (36 St. Dept. Rep. 450) that credit reporting agencies which report also upon personal character and habits of their subjects are required to be licensed under article 7. If this is a permissible interpretation, and certainly we are not required to say it is not, it is all the easier to sustain the exemption.

■ 3. The most serious challenge to constitutionality is based on the alleged unreasonableness of the previous experience prescribed for applicants for a license. Prior to 1910 the statute (Laws 1909, c. 529) required applicants to state name, age, etc., "and such further facts as [may be required] * * * to show the good character, competency and integrity" of the applicant. The amendment of 1910 (chapter 515, Laws 1910) added the requirement that the applicant shall establish that he "has been regularly employed as a detective or shall have been a member of the United States government secret service, a sheriff or member of a city police department of a rank or grade higher than that of patrolman, for a period of not less than three years." This requirement, if read literally, gives rise to doubt whether it does not unreasonably limit the classes of persons privileged to engage in the business in question. Other persons without such experience may be equally able to show the good character, competency, and integrity which the Legislature may reasonably insist upon. If the statute is construed to make the specified experience the sole means of proving competency and integrity, there would be at least serious question whether the test is not arbitrary and the requirement invalid within the principle of Smith v. Texas, 233 U. S. 630, 34 S. Ct. 681, 58 L. Ed. 1129, L. R. A. 1915D, 677; see also, People v. Harrison, 170 App. Div. 802, 156 N. Y. S. 679, affirmed 219 N. Y. 562, 114 N. E. 1076; Atchison, etc., Ry. v. Arizona, 33 Ariz. 440, 265 P. 602, 58 A. L. R. 563.

Indeed this doubt was recognized by a former attorney general of the state who, in order to sustain the statute, ruled that the term "detective" is to be construed broadly so as to include at least all experience in work which can be considered the supplying of "information as to personal character"; i. e., the type of experience that will qualify is at least coextensive with the type of work for which a license may be required under section 70. Ops. Atty. Gen. N. Y. (1919) 256.

That same opinion also held that one who did such work for a single employer without holding himself out to the public generally did not require a license, but could thereby acquire the necessary experience. In an earlier opinion, also, a broad view of the term "detective" was taken. Ops. Atty. Gen. (1911) 422. It would seem, then, that the statute can be treated by this court as if it read that three years' experience in obtaining information as to personal and business character must be had as prerequisite to obtaining a license to engage independently in that type of business. So construed the question becomes whether it is within legislative competence to prescribe a period of apprenticeship for those engaging in the business in question. Such a test of competency would, we believe, be valid. It does not unreasonably restrict the class of persons who may enter the business. Compare Latourette v. McMaster, 248 U. S. 465, 39 S. Ct. 160, 63 L. Ed. 362.

Plaintiffs argue that the statute does not permit of so liberal an interpretation as that made by the Attorneys General. Of this we are not convinced, and, in the absence of any state decision construing the statute, we are disposed to accept the interpretation of state officials charged with its enforcement —especially when such interpretation will enable us to uphold the statute and a contrary construction would destroy it. Moreover, it is not impossible that the experience requirement added by the 1910 amendment, if deemed invalid, might be held a separable provision, with the result that its invalidity would not invalidate the earlier enacted provisions. But we do not find it necessary to rule upon this latter question.

■ 4. The plaintiffs have not shown their inability to obtain a license. It is true that the "Fourteenth" paragraph of the bill alleges that "it is impossible for either of the plaintiffs to comply with provisions of the statute governing the issuance of a license, since neither of them possesses the prerequisite experience, which is employment for a period of not less than three years as a detective, member of the secret service, sheriff or

city policeman." But it is apparent that this conclusion is based upon their own interpretation of the statutory requirements, not upon any ruling by the secretary of state after application made to him for the issuance of a license. Moreover, the plaintiffs' supporting affidavit avers that they have had many years' experience in carrying on the business of the Advertisers' Protective Service and similar businesses, so that they are fully qualified and competent to render the services in which they are engaged; and that the service they have rendered to clients has been entirely satisfactory and no complaint has ever been made of their lack of competency or skill. If application for a license be made to the secretary of state coupled with proof of such experience and competency, it seems not unlikely that the secretary of state, acting under the opinion of the Attorney General, who would probably follow the liberal ruling of his predecessors in construing the experience requirements of the statute, would grant the plaintiffs a license. At any rate, they have not satisfied us that he would not. The answer of the Attorney General and the secretary of state, in failing to deny the plaintiffs' averment that it is impossible for them to comply with the statute, is not, we think, to be deemed an admission that a license would necessarily be refused, should they apply. As was said in Lehon v. City of Atlanta, 242 U. S. 53, 56, 37 S. Ct. 70, 72, 61 L. Ed. 145: "To complain of a ruling, one must be made the victim of it."

For the reason that the plaintiffs have not shown their inability to obtain a license, their motion for a preliminary injunction is denied.