WILLIAM SCHULMAN, PLAINTIFF-APPELLANT, v. DAVID B. KELLY, SUPERINTENDENT, DIVISION OF STATE POLICE, DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued April 22, 1969—Decided July 1, 1969.

*Mr. Bernard Chazen* argued the cause for appellant (*Messrs. Baker, Garber, Chazen & Duffy,* attorneys).

*Mr. Victor Librizzi, Jr.,* Deputy Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

HANEMAN, J.  Following a hearing, defendant, Superintendent of the Division of State Police, denied the application of plaintiff, William Schulman, for a private detective license under *N. J. S. A.* 45:19–8, *et seq.* Plaintiff appealed to the Appellate Division and we certified the case on our own motion prior to argument there.

Under *N. J. S. A.* 45:19–12, the Superintendent of the Division of State Police must be "* * * satisfied from the examination of any application and such further inquiry and

investigations as he shall deem proper as to the good character, competency and integrity of the applicant * * *" before he shall issue a private detective license and

"No license shall be issued to a person under the age of twenty-five years, nor to any person, firm, association or corporation unless such person or at least one member of the firm and one officer or director of the association or corporation has had at least five years' experience as an investigator or as a police officer with an organized police department of the State or a county or municipality thereof, or with an investigative agency of the United States of America or any State, county or municipality thereof."

It is this paragraph which is productive of the present appeal. Plaintiff's application for such a license, indicating that he was a "Board of Freeholders Investigator," was denied by the Superintendent because, as he stated in his denial letter

"The experience required by [N. J. S. A. 49:19-12] is investigative work in the realm of criminal or related law enforcement activities. * * * From your application it does not appear that your investigative experience would fall into this category."

Subsequent to this refusal, plaintiff requested a hearing before the Superintendent at which he testified as follows: Between 1954 and 1960 he worked full time as an investigator for the Hudson County Board of Freeholders on a non-civil service or *"per diem"* basis. In 1960 he took the requisite civil service examination and was certified by the State Civil Service Commission as an investigator, to which position the county appointed him with tenure. He was responsible to the Director of the Board of Freeholders and performed assigned investigative tasks for the Hudson County Law Department and the County Welfare Board. His work with the former consisted of investigating "frauds, accidents, general different things", and with the latter, investigative searches for fraud and welfare condition compliance, including the tracing of missing husbands and putative fathers. He retired from this position on a disability pension in 1967.

In the course of his work with the Welfare Board, Schulman headed an investigative unit composed of three former police officers and a former F. B. I. agent, and cooperated with local police forces in connection with raids and arrests necessitated by his investigations. William Woods, a retired Jersey City police captain, formerly in charge of its Detective Bureau, served as his assistant for a time. Captain Woods described plaintiff as "a very good detective" and stated that he was fully competent to be hired as such by a police department. Woods also stated that many of the things he did for the Welfare Board were similar to what he had done while on the police force.

Schulman testified that he has attended refresher courses, lectures and seminars regarding his work as an investigator. In 1967 he took and passed a written examination and became a licensed detective in New York. In addition, he occasionally worked part-time for two detective agencies.

The final determination issued by the Superintendent after the hearing stated:

"There is no doubt that the applicant did do investigative work for a number of years, but this particular work cannot be properly categorized as criminal investigation within the ambit of *N. J. S.* 45 :19–12. The major point in question was whether or not the particular agency, which employed the applicant, was an 'investigative' agency within the intent and purpose of the statute."

He concluded that neither the Hudson County Board of Freeholders nor the Hudson County Department of Welfare qualified as such an "investigative agency", apparently because their primary functions were not the enforcement of the criminal law and the prosecution for the violation thereof.

In support of this conclusion he relied upon two Memorandum Opinions of the Attorney General of New Jersey dated March 24, 1964 and October 9, 1961. The 1964 Memorandum Opinion concluded that experience gained as an investigator in the Office of Special Investigations of the United States Air Force satisfied the experience requirement of the

statute. The Attorney General stated that it was within the spirit and purpose and

"* * * not an unwarranted expansion of the words of this act to find a meaning which requires investigative experience in a law enforcement agency, i. e., one charged with the duty of investigating and preparing for prosecution or other disposition violations of the criminal law. This is in accordance with our Memorandum Opinion dated October 9, 1961, which stated, in part, that an applicant 'must establish that he has been predominately *engaged in criminal or related investigative work* in order to meet the statutory requirements set forth in *N. J. S. A.* 45:19–12.' " (Emphasis supplied)

The 1961 Memorandum Opinion, 1960–1963 *Opinions of the Attorney General of New Jersey* 208, was rendered in answer to the question whether experience as an undersheriff met the statutory requirement. The conclusion was that because sheriff's offices in New Jersey generally performs no investigative or other law enforcement activity, the experience *per se* would not qualify the applicant, who also would have to establish that he had been "predominently engaged in criminal or related investigative work" in order to satisfy the experience requirement.

This construction of the statute has been followed by the Superintendent at least since June 4, 1951 when he received a Letter Memorandum from a Deputy Attorney General regarding an applicant who had done investigative work in regard to compensation cases for private employers. That experience was found to be insufficient. The statute was there construed to require:

"* * * five years service as an investigator; or as a police officer with an organized police department of the state or a county or municipality thereof, or with an investigative agency of the United States of America or any state, county or municipality. These words would have to be read together so that the investigator or police officer *must have been with an organized police department* of the state or government." (Emphasis supplied)

Plaintiff controverts the State's construction and also contends if the State's construction is accepted, the statute is

unconstitutional on its face because it makes the private detective business the special preserve of a certain restricted group "of former governmental employees", denying other persons of equal character, competence and integrity the right to enter this field. He attacks it both as a denial of equal protection in violation of the Fourteenth Amendment to the *United States Constitution* and as a special law in contravention of *Art.* 4, § 7, *par.* 9 of the *New Jersey Constitution.* The basic question is therefore whether *N. J. S. A.* 45:19–12 requires prior investigative experience to be obtained as a member of an organized police department or a governmental agency engaged primarily in criminal investigative work.

In order to solve these problems we must, of course, first ascertain what the above quoted language of *N. J. S. A.* 45:19–12 means because only if we conclude that the State's construction is correct does the constitutional issue arise. It is hornbook law that a statute should be construed so as to avoid unconstitutionality whenever possible. *E. g., Ahto v. Weaver,* 39 *N. J.* 418, 428 (1963); *State v. Hudson County News Co.,* 35 *N. J.* 284, 294–295 (1961); *City of Clifton v. Passaic County Bd. of Taxation,* 28 *N. J.* 411, 422 (1958); *In re Loch Arbour,* 25 *N. J.* 258, 264–265 (1957).

However, it must be remembered, as we have heretofore said, that the fact that regulation and classification of a particular occupation will be upheld as in the public interest if there be "some reasonable basis" to support it "* * * does not mean that a court will not carefully examine the technique and scheme prescribed and determine the matter of their rational relation to the evil [sought to be prevented] and the legislative objective, * * *." *The Independent Elect., etc., Ass'n v. New Jersey Bd. of Examiners Elec. Contractors* 48 *N. J.* 413, 424 (1967).

The purpose of the original Private Detective Act, *L.* 1939, *c.* 369, according to the Statement on the Bill was

"* * * to regulate the business of private detective and private detective agencies and to provide such regulations as will establish

the business of private detectives on that high plane which will deserve the confidence and respect of the citizens of the State of New Jersey, and at the same time protect all persons engaged in the business of private detective against interlopers, racketeers and irresponsible persons who would use their business as private detective to cover up criminal activities and malicious impositions on the public."

The 1939 Act has been amended only once, by *L. 1948, c. 152,* and the only changes made in the paragraph *sub judice* were an increase in the years of service required from three to five and the insertion of the word "investigative" between "with" and "an agency of."

It is clear that the business of private detective has an inherent potential for abuse, and that its strict regulation, including control of those persons who desire to enter that business, is clearly within the public interest. It does not follow that this statutory purpose is furthered by a construction which limits the occupation to former governmental employees who had been engaged in criminal law investigation and enforcement. It is difficult to understand how the protection of the public from the incompetent and unscrupulous requires the automatic exclusion, from a field so broadly defined in *N. J. S. A.* 45:19–9, of all who have not been employed by "organized police departments" or criminal "investigative agencies" for the requisite period, regardless of the degree of character, competency and integrity they may possess. *Cf. Norwood v. Ward,* 46 *F. 2d* 312, 314 *(S. D. N. Y.* 1930) ; *Cole v. State,* 179 *Misc.* 172, 37 *N. Y. S. 2d* 1002 *(Ct. Cl.* 1942).

We interpret the statutory requirement to be five years experience [a] as an investigator or [b] as a police officer with an organized police department of the State or a county or municipality thereof, or [c] with an investigative agency of the United States of America or any state, county or municipality thereof. Although the presence of a comma in the statute between (b) and (c) and lack of the same between (a) and (b) may to some extent appear to support the view adopted by the Attorney General as mentioned above,

the language used weighs more heavily in favor of the above construction. A contrary construction would denote that there are investigators serving with organized police departments who are not police officers. As far as we know, no such positions exist.

■ We do not here consider the extent of the word "investigator" in (a) except to state that plaintiff's occupation in Hudson County is clearly encompassed thereby. Nor do we consider which governmental agencies deserve the appellation "investigative", preferring to rest plaintiff's eligibility within classification (a) upon his particular experience. It is unnecessary to answer the question of whether in other contexts, the statute may be unconstitutional. The determination of the Superintendent of the Division of State Police in relation to plaintiff's experience is hereby reversed and plaintiff's application remanded to said Superintendent for further consideration.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.