## Applications of Nichols & Clark, Inc.

*James W. Knepp, Jr.*, for petitioner.

WILSON, *P.J.*, January 24, 1977 — Plaintiff filed a petition pursuant to the provisions of The Private-, Detective Act of August 21, 1953, P.L. 1273, as amended by the Act of April 30, 1957, P.L. 98, 22 P.S. §12 et seq., requesting the court to issue a license to petitioner for the purpose of conducting a private detective business. A hearing was held to consider the petition and the following facts were conclusively established:

1. All the officers of the petitioning corporation are competent persons of good character and possess the attributes of that good character by bearing a reputation in the community of being honest persons of high integrity.

2. Lonnie D. Clark, an officer of the petitioning corporation, has been employed for five years as a probation and parole officer for Northumberland

County, and as such employe has performed extensive investigative work concerning crimes and criminals in the preparation of presentencing, parole and probation reports for the court, and in the preparation of evidence for hearings held in respect to parole and probation violations.

3. No member of the petitioning corporation has been regularly employed as a detective, a member of the United States government investigative service, a sheriff, a member of the Pennsylvania State Police, or a member of a city police department of a rank or grade higher than patrolman for a period of three years.

The act sets forth certain requirements which petitioner must meet before the license may issue, as it provides by the amendment of April 30, 1957, P.L. 98, sec. 1, 22 P.S. §14(a), that at least one member of petitioner corporation must have been regularly employed as a detective, a member of the United States government investigative service, a sheriff, a member of the Pennsylvania State Police, or a member of a city police department of a rank or grade higher than that of patrolman for a period of not less than three years.

Obviously, the factual picture presents a scene depicting a desirable and highly respectable and competent candidate unable to engage in a business because it seemingly does not qualify as a member of a statutorily created class. It is also self-evident that the private detective business is affected with a public interest, thus the class established by the legislature was a well-intended attempt to protect the public from being the prey of charlatans and incompetents in a field highly susceptible to the ravages of unscrupulous persons secreted behind the guise of a private detective. In

consequence, unless the act can be interpreted to include the experience of petitioner's member, Lonnie D. Clark, as qualifying him for membership in the class, or it can be determined that the act arbitrarily discriminates against the petitioner, the license must be denied.

The rationale for including experience of a kindred nature in the same category as the legislative class is neither novel nor unusual. Its genesis lies in the objection to the legislative class as being constitutionally offensive as violative of the Fourteenth Amendment to the Constitution of the United States, as well as Article 1, sec. 9 of the Pennsylvania Constitution, which preclude the taking of property without due process of law and the denial of the equal protection of the law by special legislation. As it is proper to presume that a statute meets the constitutional requirements, and it is the duty of the courts to construe statutes so that they are consistent with constitutional guarantees (see Daly v. Hemphill, 411 Pa. 263, 191 A. 2d 835 (1963); Commonwealth of Pa., Water & Power Resources Bd. v. Green Spring Co., 394 Pa. 1, 145 A. 2d 178 (1958); Hadley's Case, 336 Pa. 100, 6 A. 2d 874 (1939)), unless the statute is clearly unreasonable, discriminatory or capricious (see Pennsylvania R. Co. v. Driscoll, 336 Pa. 310, 9 A. 2d 621 (1939); Maurer v. Boardman, 336 Pa. 17, 7 A. 2d 466 (1939), affirmed, 309 U.S. 598, 60 S.Ct. 726, 84 L.Ed. 969, 135 A.L.R. 1347 (1940)), courts have elected to construe the class to include persons with work experience in investigative fields either related to crime and criminals, or with work experience coextensive with the type of work regulated by the statute: Schulman v. Kelly, 54 N.J. 364, 255 A. 2d 250 (1969); Norwood

v. Ward, 46 F.2d 312 (S.D.N.Y. 1930), affirmed, sub. nom. Norwood v. Bennett, 283 U.S. 800, 51 S. Ct. 493, 75 L.Ed. 1422 (1930).

Apparently, President Judge James F. Henninger, of Lehigh County, had some insight or knowledge unavailable to this court when he stated in Gardner Application, 6 D. & C. 2d 742, 745, 26 Lehigh 524 (1956): "We are convinced that the 'regular employment as a detective' was intended to freeze in their business those who had theretofore been licensed as private detectives, but who might not possess the necessary qualifications under the new act. . . ." as the act neither explains the reason for the use of the phrase, nor the meaning of the words "regular employment as a detective." What is more important, the act does not define the word "detective." However this might be, if the word "detective" means, as it is defined in Black's Law Dictionary, Rev. 4th ed., West Publishing Co., 1968 "One whose business it is to watch, and furnish information concerning, alleged wrongdoers by investigating their haunts and habits," or, as it is defined in Webster's Seventh New Collegiate Dictionary, G. ⅞ C. Merriam Co., Publishers, 1972, "one employed or engaged in detecting lawbreakers or getting information that is not readily or publicly accessible," the work of petitioner's member, Lonnie D. Clark, fulfills the requirements of those definitions although he does not bear the title of detective. A substantial portion of a probation officer's time is consumed in investigating the haunts and habits of wrongdoers. In addition, it is to be noted that the act does define "private detective business" as consisting of investigative work in ten different areas. Petitioner's

member has been actively engaged for the past five years in investigative work in no less than seven of these areas. He has investigated crimes, credibility of witnesses, whereabouts of missing persons, location of stolen property, references to persons seeking employment and the securing of evidence for a board. If he has not been a detective, it has been in name alone.

Although the case of Rode Application, 32 D.&C. 2d 33, 77 York 117 (1963), denied the application of a borough chief of police with six years' experience, as the legislature had not provided for the substitution of equivalent experience, the court did not consider the act in the light of the possible objections to the law on constitutional grounds. In addition, despite a reference to the case of Gardner Application, supra, in the opinion that cites Norwood v. Ward, supra, coextensive experience was not discussed. As a matter of fact, Gardner Application left open the question of coextensive service when it suggested that it would not decide whether agents, as opposed to detectives, could qualify, then referred to Norwood v. Ward, supra, as a case in point where a court did decide that similar investigative work would qualify. See also the dissent of Judge George T. Cummins in the case of Lowe Application, 27 D.&C. 2d 259, 42 Washington Co. 138 (1962).

The act should be construed to include in the class not only those specifically named but all others whose work is coextensive with that of a private detective business as defined in the act. A county probation officer who has been employed as such for five years has been engaged in work coextensive with that of a private detective, and thus

qualifies as a proper applicant for a private detective's license.

## ORDER

And now, January 24, 1977, after hearing, and an investigation of the application of Nichols & Clark, Inc. for a license as a private detective and private investigator, the court is satisfied that the officers of the corporation are of good character, competency and integrity;

Now, therefore, upon motion of James W. Knepp, attorney for the applicant, it is ordered that the applicant be issued a license to conduct the business of a private detective or investigator, and to own, conduct and maintain a bureau, agency or office for the purposes thereof at 719 North Eighth Street, Selinsgrove, Pa., for a period of two years, upon the payment of a license fee of $300 to the court for the use of Snyder County, and upon the filing with the clerk of the court a corporate bond, approved by the court, in the amount of $10,000, executed for payment to the Commonwealth of Pennsylvania, conditioned upon the faithful and honest conduct of the officers, agents and employes; and, the license, so issued by the clerk of the court, shall specify the name of the applicant, the location of its principal office and branches thereof, the date of its issuance and expiration; and,

It is further decreed that the court reserves the right, as provided by law, to determine in the future the necessity for the additional issuance of detective licenses in Snyder County.