## DISTRICT NO. 1, PACIFIC COAST DISTRICT, M.E.B.A., and Gary A. Cramer et al., Plaintiffs,

### v.

## Robert W. WARD, Commissioner of the Department of Transportation and Public Facilities of the State of Alaska, et al., Defendants.

### Nos. C78–607SR, C78–617SR.

United States District Court,
W. D. Washington.

Jan. 6, 1981.

---

J. Markham Marshall, Shannon Stafford, Seattle, Wash., for plaintiffs.

Jack B. McGee, Asst. Atty. Gen., State of Alaska, Juneau, Alaska, William B. Moore, Seattle, Wash., for defendants.

## ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

ROTHSTEIN, District Judge.

THIS CAUSE comes before the Court on plaintiffs' Motion for Summary Judgment. After reviewing the Motion, memoranda, and other pleadings, and being fully advised, the Court rules as follows:

Through its Department of Transportation and Public Facilities, the State of Alaska operates a commercial ferry system between ports in Alaska and the Western District of Washington (hereinafter "Alaska Marine Highway" or "Alaska ferry").

The individual plaintiffs in this case are deck officers and/or pilots employed by the Alaska Marine Highway. There is no question but that they are properly licensed and otherwise qualified for their jobs. Plaintiff M.E.B.A. is a labor organization that acts as collective bargaining representative for "engineer officers" employed by the Alaska Marine Highway.

Defendants are Alaska state officials charged with responsibility for enforcing Alaska Stat. 19.65.010, which reads as follows:

> *Duty station or port of change for employees of the Alaska Marine Highway System.*
>
> No employee of the Alaska Marine Highway System may be relieved at a duty station or port which is outside the State [of Alaska]. Appropriate State duty stations or ports for relief changes shall be designated by the Department of Public Works.

In this suit, plaintiffs challenge AS 19.65.010 under three sections of the federal Constitution: the Privileges and Immunities Clause; the Commerce Clause; and the Equal Protection Clause of the Fourteenth Amendment. Jurisdiction in this Court is provided by 28 U.S.C. §§ 1331(a) & 1343(3).

This is an appropriate case for resolution by summary judgment. All parties agree

that no question of material fact is genuinely in dispute.

*Operation of the Statute* :

The great majority of individually named plaintiffs reside in the State of Washington. The Alaska ferry has regular ports in both Alaska and Washington. Before the decision to enforce AS 19.65.010, plaintiffs were permitted to change duty stations in Seattle. The engineer officers typically alternated one or two weeks of work with corresponding periods of layoff. *See* Affidavit of Eugene E. Bulin, filed [in C78–607SR] October 12, 1978.

Alaska Stat. 19.65.010 allows only Alaska residents to change shifts in their home state. It requires all employees who reside in Washington to transport themselves on their own time to an Alaska port each time they begin a work shift (and back to Washington when the shift ends). Defendants suggest that the State of Alaska might undertake to provide employees with such transportation (including meals) at no cost on the Alaska ferry. *See* Affidavit of Doug Burton, filed March 9, 1979. The one-way sailing, however, between Seattle and the nearest Alaska port (Ketchikan) takes some 40 hours. Therefore, Washington residents must either pay for air transportation to Alaska on every shift, or sacrifice a substantial part of their layoff time traveling to and from Alaska by ferry.

*Privileges and Immunities Clause* :

Article IV, section 2, clause 1 of the federal Constitution provides that:

> The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.

The Supreme Court has applied this clause when a state attempts to discriminate against non-residents:

> . . . it was long ago decided that one of the privileges which the clause guarantees to citizens of State A is that of doing business in State B on terms of substantial equality with the citizens of that State.

*Toomer v. Witsell*, 334 U.S. 385, 396, 68 S.Ct. 1156, 1162, 92 L.Ed. 1460 (1948).

■ The first question is whether AS 19.65.010 discriminates against non-resident employees of the Alaska Marine Highway. If such discrimination is shown, the burden falls on defendants to adduce "valid independent reasons" to justify the disparate treatment. *Id.*, 334 U.S. at 396, 68 S.Ct. at 1162. The enacting state cannot meet this burden merely by reciting that it acted for "the general welfare" of its people. *See Brown v. Anderson*, 202 F.Supp. 96, 102 (D.Alaska 1962). The District Court for Alaska also said that "[a]ny discrimination must be reasonable to be sustained." *Id.*, at 103.

Defendants deny that AS 19.65.010 discriminates against non-residents. They emphasize that the statute is neutral on its face. They further maintain it is reasonable to require that employees travel to Alaska to work on the Alaska ferry. Defendants say it is similar to requiring Pipeline laborers to begin work in Alaska, where the Pipeline is located. *See* Reply to Plaintiff's Motion for Summary Judgment, filed March 9, 1979, at p. 19.

Defendants correctly point out that AS 19.65.010 is non-discriminatory on its face. Its rule for relief changes applies equally to all employees of the Alaska Marine Highway. To this extent, our case differs factually from *Toomer* and *Hicklin, infra*. Nonetheless, the burden of a uniform statutory requirement may fall very unevenly on persons in different circumstances. In this case, AS 19.65.010 clearly has the effect of discriminating in favor of ferry employees who reside in Alaska. While Alaskans may change shifts in Alaska ports, Washington residents lose their former privilege of reporting for work at the port in their home state.

Defendants' analogy to Pipeline workers is not apposite. The Pipeline is fixed in Alaska, whither an employee must necessarily travel if he wishes to work on it. By contrast, the Alaska ferry is an interstate operation, with regular ports of call in two states. It is not readily apparent why an employee should be required to report for work in one state rather than in the other.

The Court having found that AS 19.65.010 discriminates against non-resident ferry employees, it devolves upon defendants to suggest some "valid independent reason" for the discrimination. This legal requirement was refined and elaborated in *Hicklin v. Orbeck*, 437 U.S. 518, 98 S.Ct. 2482, 57 L.Ed.2d 397 (1978), where the Supreme Court declared the "Alaska Hire" statute unconstitutional. That statute required that Alaska residents be given employment priority on the Alaska Pipeline project. In applying the Privileges and Immunities Clause, the Court followed a two-step test derived from *Toomer v. Witsell, supra*. First, if a law discriminates against non-residents, the enacting state must show "that non-citizens constitute a peculiar source of the evil at which the statute is aimed." 437 U.S. at 525–526, 98 S.Ct. at 2488. Second,

> . . . even where the presence or activity of nonresidents causes or exacerbates the problem the State seeks to remedy, there must be a "reasonable relationship between the danger represented by non-citizens, as a class, and the . . . discrimination practiced upon them." *Id.*, [334 U.S.] at 399 [68 S.Ct. at 1163].

437 U.S. at 526, 98 S.Ct. at 2488 (quoting from *Toomer*).

On our facts, it is difficult to infer that disallowing shift changes in Washington could cut costs, particularly when defendants offer to provide Washington residents with free ferry transportation to Alaska. Searching the record, the Court finds no other rationale. Defendants do not show that non-residents constitute "a peculiar source of evil" which AS 19.65.010 was designed to remedy. Nor do they defend the statute's discriminatory operation as bearing "a substantial relationship" to such an "evil". Absent such showings, the Court is compelled by *Hicklin* and *Toomer* to hold AS 19.65.010 invalid under the Privileges and Immunities Clause.

*Commerce Clause* :

Article I, section 8, clause 3 of the federal Constitution delegates to Congress the power "to regulate Commerce . . . among the several States, . . . "

Defendants suggest that the Commerce Clause should not apply here, because AS 19.65.010 "does not prohibit or restrict the sale or shipment of any articles or commodities destined for interstate commerce." Reply to Plaintiff's Motion for Summary Judgment, filed March 9, 1979, at p. 19. It has been held, however, that the interstate movement of persons who travel to obtain employment is "commerce" within the clause's meaning. *See, e. g., Brown v. Anderson, supra,* 202 F.Supp. at 103. The Commerce Clause has specifically been applied to pilots on vessels in interstate commerce:

> . . . the regulation of the qualifications of pilots, [or] of the modes and times of offering and rendering their services, . . . constitute regulations of navigation, and consequently of commerce, within the just meaning of this clause of the Constitution.

*Cooley v. Board of Wardens,* 53 U.S. 299, 315, 12 How. 299, 13 L.Ed. 996 (1851).

The Supreme Court has said that:

> The restriction implicit in the Commerce Clause is designed to prohibit States from burdening the free flow of commerce,
> . . .

*Massachusetts v. United States,* 435 U.S. 444, 462, 98 S.Ct. 1153, 1164–1165, 55 L.Ed.2d 403 (1978). The enforcement of AS 19.65.010 does not bar Washington residents from working for the Alaska ferry, but it so disadvantages them as to substantially burden their accepting or retaining such employment. No reason is given for changing the previous custom, by which ferry employees were permitted to change shifts in Seattle. Defendants have failed to advance any important state interest to be served by the statute. Therefore, the Court finds that AS 19.65.010 imposes an unreasonable burden on interstate commerce, and the statute must fall under the Commerce Clause.

The parties have not briefed the issued raised under the Fourteenth Amendment.

Having found AS 19.65.010 unconstitutional on other grounds, the Court need not address that claim.

There being no material question of fact, and the Court having found that plaintiffs are entitled to judgment as a matter of law, it follows that plaintiffs' Motion for Summary Judgment should be GRANTED.

IT IS THEREFORE ORDERED that defendants are permanently enjoined from enforcing AS 19.65.010, to the extent that such enforcement would bar employees of the Alaska Marine Highway from changing duty stations at regular ferry ports in the State of Washington.

IT IS SO ORDERED.